THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSE ALVARADO, | ) | 4:05CV3051 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| THE DIAMOND ENGINEERING | ) | |
| COMPANY, A Nebraska | ) | |
| Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

Jose Alvarado filed this lawsuit against his former employer alleging that his termination violated the Americans With Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA"); the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. Ann. § 48-1101 et seq. ("FEPA"); Neb. Rev. Stat. Ann. § 20-148; and the public policy of the State of Nebraska to be free from retaliation for exercising his right to file a claim under the Nebraska Workers' Compensation Act.

Specifically, Alvarado alleges that his employer, The Diamond Engineering Company ("Diamond"), fired him after seven years of satisfactory employment "because he had been involved in too many accidents." (Filing 8, Amended Complaint ¶¶ 16 & 18.) Diamond has filed a motion to dismiss (filing 9) pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), arguing that (1) "Plaintiff has not filed a charge of discrimination specifically alleging disability discrimination with any administrative agency, and the 300-day statute of limitations for ADA and FEPA claims long ago expired" (Filing 11, Br. Supp. Def.'s Mot. Dismiss at 1); (2) because Alvarado has failed to file a charge of disability discrimination, he has not satisfied the 180-day waiting period from the time an Equal Employment Opportunity Commission ("EEOC") charge is filed until the time the EEOC must either file an

1

action on the complainant's behalf or issue a right-to-sue letter; and (3) even if Alvarado's EEOC charge of discrimination alleging age and national origin discrimination could be construed as alleging disability discrimination, the charge "remains pending" before federal and state administrative agencies, making this lawsuit premature because Alvarado failed to satisfy the administrative prerequisites for bringing an action against Diamond in federal court.

## I.  STANDARDS OF REVIEW

### A.  Rule 12(b)(1) Motion

A motion filed pursuant to Fed. R. Civ. P. 12(b)(1) challenges whether the court has subject matter jurisdiction over an action. "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94-95 (1998) (quoting Mansfield, C. & L.M.R.Co. v. Swan, 111 U.S. 379, 382 (1884)).  A defendant who has filed a 12(b)(1) motion must first establish that a jurisdictional defense exists.  If the defendant is successful, the party asserting jurisdiction has the burden of proving that jurisdiction is proper.  VS Ltd. P'Ship v. Dep't of Hous. & Urban Dev., 235 F.3d 1109, 1112 (8th Cir. 2000) (citation omitted).

### B.  Rule 12(b)(6) Motion

In determining whether the complaint states a claim upon which relief can be granted, I am required to accept as true all factual allegations in the complaint, but to give no effect to conclusory allegations of law.  See Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 (8th Cir. 2003).  A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (quoting Conley v. Gibson, 355 U.S. 41,

45-46 (1957)).

Thus, as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. Krentz v. Robertson, 228 F.3d 897, 905 (8th Cir. 2000). In other words, dismissal is justified only when the allegations of the complaint itself clearly demonstrate that the plaintiff does not have a claim. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 704 (3d ed. 2004).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff's Amended Complaint (filing 8) alleges, among other things, that:

1. Plaintiff Alvarado resides in Grand Island, Nebraska. Defendant Diamond is a Nebraska corporation located in Grand Island.

2. Diamond hired Alvarado as a seasonal laborer in June 1997. Alvarado was involved in accidents at Diamond in 1999, 2001, and 2003. Despite being on seasonal layoff, Alvarado reported a work-related elbow injury to David Plautz, a Diamond supervisory employee, on December 31, 2003. On March 3, 2004—after the seasonal shutdown had ended and Diamond employees were being called back to work—Alvarado told David Plautz that he had been released by his physician to return to work. At that time, Plautz informed Alvarado that "he was being terminated because he had been involved in too many accidents." (Filing 8 ¶ 16.)

3. On December 23, 2004, Alvarado filed with the Nebraska Equal Opportunity Commission ("NEOC") and the EEOC a charge of discrimination, which alleged in part:

> I am 54 years old. My date of birth is 04/29/1950. I was employed by the Respondent [Diamond Engineering Company] from 1997 to 03/03/2004. On this date David Clause (Non Hispanic) terminated me because I had failed to report for work on 12/29/2003 and because I had too many accidents.
>
> I believe that I have been discriminated against on the basis of my age and national origin . . . for the following reasons:
>
> On or about 12/23/2003 I advised my supervisor Benito Cazares that my grandchild had died and I would not report for work because I would be in Omaha for the funeral. I returned to work on or about 12/29/2003. Since my job is seasonal, Mr. Cazares told me that the Respondent had laid off employees and instructed me to file for unemployment benefits. On 03/03/2004 Mr. Cazares instructed me to report for work in order to take inventory to start the season. I did not work but was advised of my termination.
>
> I believe that younger Non Hispanic employees (names unknown) have had as many or more accidents than I and have not been terminated. I also believe that Non Hispanics have taken time off for funerals and have not been terminated.
>
> I was an excellent employee and was never advised of any performance problems.

(Filing 10, Def.'s Index of Evid. Supp. Def.'s Mot. Dismiss.)¹ Alvarado marked the

---

¹A court may consider, in addition to the pleadings, materials "embraced by the pleadings" and materials that are part of the public record without converting a motion to dismiss into a motion for summary judgment. In re K-tel Int'l, Inc. Securities Litigation, 300 F.3d 881, 889 (8th Cir. 2002); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 376 (3d ed. 2004) (many items may be considered by district judge in resolving 12(b)(6) motion without converting motion into one for summary judgment, such as matters incorporated by reference or integral to claims, items subject to judicial notice, matters of public record, and items in case record). The plaintiff's charge of discrimination is clearly

"age" and "national origin" boxes under the "cause of discrimination" heading in the charge of discrimination.

    4.    Alvarado filed a complaint in this court on February 25, 2005, alleging that his termination or Diamond's failure to rehire him violated the ADA, FEPA, Neb. Rev. Stat. Ann. § 20-148, and the public policy of the State of Nebraska.  Alvarado filed an amended complaint on April 18, 2005, which alleged the same violations, but asserted four claims instead of three.  (Filings 1 & 8.)

    5.    On June 2, 2005, Alvarado filed an amended charge of discrimination with the NEOC and EEOC (filing 15), this time marking the "age," "national origin," and "disability" boxes as the "cause of discrimination."  Alvarado's narrative description of the discrimination in the amended charge is nearly identical to that contained in his original charge, with two exceptions.  In the second paragraph of his description, he amended his original charge with the following underscored language to state that he has been "discriminated against on the bases of my age, national origin <u>and perceived disability</u> in violation of . . . <u>the Americans with Disabilities Act</u>."  Alvarado also added the following paragraph to the end of the charge:

> Based on an expanded interview regarding information obtained during the initial intake interview and referenced in Paragraph No. 1 of the Charge regarding Mr. Alvarado's termination for too many accidents, additional allegations of discrimination based on perceived disability are set forth in this Amended Charge in order to clarify and amplify the original charge and confirm that all claims available are being addressed and asserted.

---

"embraced by the pleadings" (see Filing 8, Amended Complaint ¶¶ 7-8) and is part of the public record.  See Faibisch v. University of Minnesota, 304 F.3d 797, 802-03 (8th Cir. 2002) (EEOC charge is part of public record and may be considered on motion to dismiss without converting motion to one for summary judgment).

(Filing 15.)

6.    On August 8, 2005, Alvarado filed with this court his Notice of Right to Sue from the EEOC dated August 1, 2005 (filing 18), along with a Motion to Consider Supplemental Index of Evidence (filing 17). Diamond did not object to Alvarado's motion to allow the court to consider this additional evidence.

### III. ANALYSIS

### A. Does Charge of Discrimination Allege Disability Discrimination?

Under the ADA and Nebraska's FEPA, an employee must file a charge of discrimination within 300 days of the alleged discrimination. 42 U.S.C. § 12117 (applying 300-day statute of limitations in 42 U.S.C. § 2000e-5(e) to ADA claims)[2]; Neb. Rev. Stat. Ann. § 48-1118(2) (written charge of violation of FEPA shall be filed within 300 days after the occurrence of the alleged unlawful employment practice). The 300-day "clock" begins to run on the date the adverse employment action is communicated to the plaintiff. Dring v. McDonnell Douglas Corp., 58 F.3d 1323, 1327-28 (8th Cir. 1995).

Alvarado's amended complaint alleges that Diamond informed him on March 3, 2004, that he was being terminated, thereby allowing Alvarado until December 28, 2004, to file a charge of discrimination with the EEOC and NEOC. Alvarado filed his charge of discrimination on December 23, 2004, alleging that he was terminated "because I had too many accidents"; that "younger Non Hispanic employees (names

---

[2]See also Equal Employment Opportunity Comm'n v. Waffle House, Inc., 534 U.S. 279, 285 (2002) ("Congress has directed the EEOC to exercise the same enforcement powers, remedies, and procedures that are set forth in Title VII of the Civil Rights Act of 1964 when it is enforcing the ADA's prohibitions against employment discrimination on the basis of disability.").

unknown) have had as many or more accidents than I and have not been terminated"; and that "I was an excellent employee and was never advised of any performance problems." (Filing 10.)

While Alvarado did not mark "disability" as the "cause of discrimination" in his charge of discrimination, his factual allegations clearly identify the parties involved and pertinent dates, as well as describe a discriminatory disability-related action or practice—specifically, that Alvarado was terminated from his employment because he had "too many accidents." These allegations are all that are required by EEOC regulations, and by the liberal construction I am bound to give administrative charges of discrimination. 29 C.F.R. §§ 1601.12(a)(3) & (b) (2005) (charge of discrimination is sufficient when EEOC receives written statement "sufficiently precise to identify the parties, and to describe generally the action or practices complained of"); Tart v. Hill Behan Lumber Co., 31 F.3d 668, 671 (8th Cir. 1994) (administrative complaints are to be interpreted liberally in order to further remedial purposes of legislation that prohibits unlawful employment practices).

In any event, the scope of a judicial complaint following the administrative charge may be "as broad as the scope of the administrative investigation which could reasonably be expected to grow out of the charge of discrimination." Tart, 31 F.3d at 671 (internal citations & punctuation omitted). See also Cobb v. Stringer, 850 F.2d 356, 359 (8th Cir. 1988) (same); Anderson v. Block, 807 F.2d 145, 148 (8th Cir. 1986) (plaintiff will be deemed to have exhausted administrative remedies if allegations in judicial complaint are like or reasonably related to administrative charge that was timely brought). Because the factual allegations contained in Alvarado's December 23, 2004, administrative charge raise the issue of disability discrimination, it is reasonable to conclude that an EEOC investigation of Alvarado's termination would have encompassed disability-based discrimination, thereby allowing Alvarado's complaint in this court to include an ADA claim.

I conclude that Alvarado's December 23, 2004, charge of discrimination included a claim of disability-related discrimination; that Alvarado's charge was timely filed; and that I have subject matter jurisdiction over Alvarado's ADA and FEPA claims as a result.[3]

### B. 180-Day Waiting Period & Prematurity of Lawsuit

My decision above negates Diamond's argument that because Alvarado has failed to file a charge of disability discrimination, he has not satisfied the 180-day waiting period from the time the EEOC charge was filed until the time the EEOC must either file an action on Alvarado's behalf or issue a right-to-sue letter. However, I also construe Diamond's briefs to argue that even if Alvarado's December 23, 2004, EEOC charge of discrimination alleging age and national origin discrimination could be construed as alleging disability discrimination—as I have decided above—the charge "remains pending" before federal and state administrative

---

[3]Further, Alvarado's amended charge of discrimination filed on June 2, 2005, would "relate back" to the date of the original charge because his amended charge simply cured a technical omission (failure to check the "disability" box under "cause of discrimination") or clarified the nature of the factual allegations which had already been made in the original charge. 29 C.F.R. § 1601.12(b) (charge of discrimination may be amended to cure technical defects or omissions or clarify allegations; amendments will relate back to date charge was first received); Cobb, 850 F.2d at 359; Washington v. Kroger Co., 671 F.2d 1072 (8th Cir. 1982) (court treated allegation of discriminatory discharge in second charge as amendment to initial charge that alleged employer denied employee chance to work as a checker/clerk; discharge arguably grew out of employer's refusal to assign plaintiff to checker/clerk position and it was reasonable that EEOC investigation of first charge would have "uncovered the related incidents that underlay the second charge"); Kyllo v. Farmers Cooperative Co., 723 F. Supp. 1332, 1337 (D. Minn. 1989) (assertion of sex discrimination claim in second charge of discrimination was amendment of first charge because "the underlying facts are related to those which supported the initial charge"—that is, the "same underlying facts . . . support each claim").

8

agencies, making this lawsuit premature.

Title VII (and thus, the ADA) impose a 180-day waiting period from the time an EEOC charge is filed until the time the EEOC must either commence an action on the complainant's behalf or issue a right-to-sue letter to the complainant. The complainant then has 90 days from issuance of the right-to-sue letter to file an action in federal court. 42 U.S.C. § 2000e-5(f)(1).

In this case, Alvarado filed charges with the NEOC and EEOC on December 23, 2004, and June 2, 2005; filed a complaint in this court on February 25, 2005; and on August 8, 2005, filed in this court an EEOC Notice of Right to Sue dated August 1, 2005. While Alvarado filed his judicial complaint well before the 180-day waiting period, a plaintiff's failure to obtain a right-to-sue letter before filing an employment discrimination action is a curable defect. Jones v. American State Bank, 857 F.2d 494, 499-500 (8th Cir. 1988) (receipt of right-to-sue notice is condition precedent to filing of judicial Title VII claim, but failure to obtain right-to-sue letter prior to commencement of suit is defect that is curable after the action has commenced) (citing and analogizing to Zipes v. Transworld Airlines, Inc., 455 U.S. 385 (1982) (filing of timely charge of discrimination is not jurisdictional prerequisite to federal court suit; rather, it operates like a statute of limitations subject to waiver, estoppel, and equitable tolling)). See also 4 Lex K. Larson, Employment Discrimination § 74.02[2] (2d ed. 2005) (when court suit is filed before plaintiff's receipt of right-to-sue letter, most courts retain jurisdiction and allow defect to be cured by plaintiff's receipt of letter during pendency of the lawsuit; proper way for plaintiff to correct defect is to move to amend complaint to allege receipt of the letter).

Accordingly, the fact that Alvarado filed his employment discrimination case in this court before expiration of the 180-day waiting period is not a ground for dismissal, but a defect cured by his receipt of the EEOC's Notice of Right to Sue. I shall grant the plaintiff leave to file a second amended complaint to allege receipt of

9

the right-to-sue letter.

### C. Remaining State Claims

Because Alvarado's ADA claim need not be dismissed, this court retains supplemental jurisdiction over his remaining state-law claims. 28 U.S.C. § 1367(a).

IT IS ORDERED:

1. Plaintiff's unopposed Motion to Consider Supplemental Index of Evidence in Opposition to Defendant's Motion to Dismiss (filing 17) is granted;

2. Defendant's Motion to Dismiss (filing 9) is denied; and

3. Plaintiff is granted leave to file, on or before October 5, 2005, a second amended complaint alleging Plaintiff's receipt of a Notice of Right to Sue issued by the EEOC.

September 22, 2005.

BY THE COURT:
s/ *Richard G. Kopf*
United States District Judge